UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,



Hon. Hugh B. Scott

v.

08CR94A

Order

KIM BENACQUISTA,
RAYMOND BENACQUISTA,

        Defendants.

This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A).

The instant matter before the court is the Defendants' omnibus motions (Docket No. 29[1] (Kim Benacquista), 26[2] (Raymond Benacquista)) which seeks the following relief: various forms of discovery and disclosure.

---

[1] In support of this motion, defendant Kim Benacquista filed an earlier motion, Docket No. 21, exhibits for the motion, which was amended by the present motion, Docket No. 29, and a reply memorandum, Docket No. 35. In opposition, the Government filed a consolidated response, Docket No. 32.

[2] In support of this motion, defendant Raymond Benacquista filed his attorney's affidavit, Docket No. 26. In opposition, the Government filed a consolidated response, Docket No. 32.

The Government has filed responding papers (Docket No. 32) to both defendants' motions and oral argument was heard on May 7, 2009, and deemed submitted (text entry, May 7, 2009).

## BACKGROUND

As discussed in the Report & Recommendations regarding defendants' motions to dismiss and to suppress, defendants are charged with two counts of willfully making false statements in their tax returns and a conspiracy count to defraud the United States. At issue here is defendants tax returns for 2002 and 2003 and the statement of income they received from Kim Benacquista's (hereinafter "Kim"; codefendant Raymond Benacquista will be referred hereinafter as "Raymond") business, Quality Quick Printing on tax returns filed for those tax years (see Docket No. 1, Indict.).

## DISCUSSION

I.  Discovery

The defendants seek various items of pretrial discovery. Raymond seeks Rule 16 discovery and notice of the Government's intention to use evidence, pursuant to Rule 12(d)(2) (Docket No. 26, Raymond Atty. Aff. ¶¶ 37-38; see also Docket No. 29, Kim Motion at 31-32 (seeking similar relief)). Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government claims that it has complied with Rule 16 and the Jencks Act (Docket No. 32, Gov't Response at 24).

A.  Discovery and Notice

Pursuant to Rule 16(a)(1)(E), Kim also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government (Docket No. 29, Kim Motion at 31). The Government's response to these specific requests is that it has complied with Rule 16 and has produced or made available for inspection all items that fall within that rule (Docket No. 32, Gov't Response at 24). This response is **sufficient**.

Pursuant to Rule 12(d)(2), Raymond requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 26, Raymond Atty. Aff. ¶ 38). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.

The Government has not responded to this request.

This request is hereby **granted**.

B.  Disclosure of Expert Materials

Kim seeks an expert hearing pursuant to Federal Rule of Evidence 702 (Docket No. 29, Kim Motion at 32-34). As noted by the Government (Docket No. 32, Gov't Response at 25), this request **is premature and should be deferred** to consideration by the District Judge.

C. Sentencing Discovery

Raymond next seeks discovery regarding sentencing factors pursuant to Federal Rules of Criminal Procedure 8, 11, 14, and 16 and favorable sentencing information under Brady v. Maryland, 373 U.S. 83 (1963) (Docket No. 26, Raymond Atty. Aff. ¶¶ 41-42). The Government has not responded to this motion. Raymond's motion for this discovery is **granted**.

II. Bill of Particulars

Defendants next seek bills of particulars (Docket No. 26, Raymond Atty. Aff. ¶¶ 31-36; Docket No. 29, Kim Motion at 27-31). The Government argues that the Indictment clearly states the nature of the charges, discovery furnished responses to defendants' particularization demands, and that a Bill of Particulars is unnecessary (Docket No. 32, Gov't Response at 23). The Government also contends that it is not required to give the "whens," "wheres," and "with whoms" sought here by defendants (id. at 21-22).

Rule 7(f) of the Federal Rules of Criminal Procedure provides that the Court may direct the filing of a Bill of Particulars. Bills of Particulars are to be used only to protect a defendant from double jeopardy and to enable adequate preparation of a defense and to avoid surprise at trial. United States v. Torres, 901 F.2d 205 (2d Cir. 1990). The Government is not obligated to "preview its case or expose its legal theory" United States v. LaMorte, 744 F. Supp. 573 (S.D.N.Y. 1990); United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); nor must it disclose the precise "manner in which the crime charged is alleged to have been committed," United States v. Andrews, 381 F.2d 377 (2d Cir. 1967). Notwithstanding the above, there is a special concern for particularization in conspiracy cases. United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988).

4

Upon review of the Indictment, the Court finds that defendants are **not entitled** to a Bill of Particulars inasmuch as the defendants are sufficiently advised of the charges against them to allow for the proper preparation of a defense, to avoid surprise at trial, and to protect the defendants from double jeopardy.

III. Brady Material

The defendants have requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, supra, 373 U.S. 83, and its progeny (Docket No. 26, Raymond Atty. Aff. ¶¶ 43-49; Docket No. 29, Kim Motion at 38-47). Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendants' motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's response acknowledges its obligation to provide exculpatory evidence, that it has disclosed all Brady and Giglio[3] materials in its possession, but believes that defendants have a more expansive view of what should be produced (especially revealing the names of witnesses) (Docket No. 32, Gov't Response at 25-29).

---

[3]Giglio v. United States, 405 U.S. 150 (1972).

5

Raymond seeks disclosure of Brady materials at least 90 days before trial (Docket No. 26, Raymond Atty. Aff. ¶¶ 52-55). The Government contends that it has provided what Brady material it has and (consistent with it duty) will provide additional materials (Docket No. 32, Gov't Response at 26-27), but does not address the particular timing sought by defendant.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the Court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631 (W.D.N.Y. 1992) (Heckman, Mag. J.).

The instant case has some complexity given that the alleged false statements arise in a tax context, but the Government has produced defendants' tax records. Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) **is sufficient** in this case.

IV. Identification of Informants

Defendants next seek identification of informants (Docket No. 26, Raymond Atty. Aff. ¶¶ 50-51; Docket No. 29, Kim Motion at 48-49). The Government objects that, under Brady, it is

not required to reveal the names of witnesses (Docket No. 32, Gov't Response at 26). The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.), cert. denied, 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

The defendants have not established that the pre-trial disclosure of the identities of any informants is essential to their respective defenses. These requests are **denied**.

V.  Rule 404, 608 and 609 Evidence

Defendants request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b). They also request disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a). Raymond also seeks an advance ruling on the admissibility of this material. (Docket No. 26, Raymond Atty. Aff. ¶¶ 56-58.) Kim seeks a hearing on bad act evidence against her (Docket No. 29, Kim Motion at 47). While stating that it was unaware of prior convictions, the Government contends Kim's motion for a hearing is premature (Docket No. 32, Gov't Response at 27-28).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all

such material to the defendant at the time of the pretrial conference in this case (Docket No. 32, Gov't Response at 27). This is **sufficient** in this case.

VI.     Preservation of Evidence and Rough Notes

Finally, defendants have requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket No. 26, Raymond Atty. Aff. ¶¶ 59, 62-64; Docket No. 29, Kim Motion at 47-48). The Government argues that such rough notes need not be preserved if they are memorialized in reports (Docket No. 32, Gov't Response at 28), see United States v. Elusma, 849 F.2d 76, 79 (2d Cir. 1988); United States v. Fruchter, 104 F. Supp. 2d 289, 314 (S.D.N.Y. 2000). Given that the information is memorialized in reports, the agents need not preserve their rough notes; defendants' motions here are **denied**.

## CONCLUSION

For the reasons stated above, defendant Raymond Benacquista's motion (Docket No. 26) and defendant Kim Benacquista's motion (Docket No. 29) for production of various discovery and disclosures is **granted in part, denied in part,** as indicated in the Order above.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
        June 8, 2009